IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

WILLIAM R. YOUNG and
ROSE YOUNG, husband and wife,

    Plaintiffs,

v.                                        CIVIL ACTION NO. 2:11-cv-0568

BANK OF AMERICA, N.A., as successor-in-interest
to LASALLE BANK, N.A., and
CITIMORTGAGE, INC., a foreign corporation
as successor-in-interest to ABN AMRO
MORTGAGE GROUP, INC.,

    Defendants.

## NOTICE OF REMOVAL

Defendant Bank of America ("BOA"), as successor in interest to LaSalle Bank, N.A., by counsel, submits the following Notice of Removal based on federal question and diversity jurisdiction. In support of this removal, BOA states as follows:

1. On or about June 30, 2011, William R. Young and Rose Young ("Plaintiffs") commenced this civil action by filing a complaint in the Circuit Court of Kanawha County, West Virginia, styled William R. Young and Rose Young v. Bank of America, N.A., et al., Civil Action No. 11-C-1101 ("Civil Action").

2. Copies of the Summons and Complaint in the Civil Action were served on the West Virginia Secretary of State for both BOA and CitiMortgage, Inc. ("CitiMortgage") on July 20, 2011.

3. Although the Secretary of State is not BOA's registered agent, removal is timely pursuant to 28 U.S.C. § 1446(b), as this Notice of Removal is filed within thirty (30) days of receipt of the Complaint by the West Virginia Secretary of State.

4. Generally, all defendants in an action must consent to removal. See Mullins v. Hinkle, 953 F. Supp 744, 749; see also Baldwin v. Perdue, Inc., 451 F. Supp. 373 (E.D. Va. 1978); Lapoint v. Mid-Atlantic Settlement Services, Inc., 256 F. Supp. 2d 1 (D.D.C. 2003); John Hancock Mut. Life Ins. Co. v. United Office & Prof'l Workers of Am., 93 F. Supp. 296 (D.C.N.J. 1950).

5. CitiMortgage's consent to removal is attached as Exhibit A.

### A. Federal Question Jurisdiction

6. This Court has original jurisdiction over the Civil Action pursuant to 28 U.S.C. § 1331 and the Civil Action may be removed to this Court pursuant to 28 U.S.C. § 1441. This Court has original jurisdiction under 28 U.S.C. § 1331, federal question, in that the Complaint pleads a claim that is completely preempted by the National Bank Act, 12 U.S.C. §§ 1 et seq. ("NBA").

7. In Count V of the Complaint, Plaintiffs assert that "Defendants are equitably estopped and cannot collect or attempt to collect *interest charges* or *late fees* from Plaintiffs from the period of time commencing with the first illegal act of Defendants until Defendants again begin to accept and properly credit Plaintiffs' payments and otherwise comply with their duties as set forth herein." (Compl. ¶ 39 (emphasis added).)

8. Federal question jurisdiction exists when the action asserts a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule, a claim arises under federal law "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar v. Williams, 482 U.S. 386, 392 (1987); West Virginia v. Anchor Hocking Corp., 681 F. Supp. 1175, 1176 (N.D.W. Va. 1987).

9. The doctrine of complete preemption is an exception to the well-pleaded complaint rule that allows for the removal of certain types of cases where the "preemptive force of federal law is so 'extraordinary' that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Caterpillar, 482 U.S. at 393 (citing Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)).

10. Defendant BOA is a national bank association organized and existing under the laws of the United States with its principal place of business in North Carolina.[1]

11. In Beneficial National Bank v. Anderson, 539 U.S. 1, 8 (2003), the United States Supreme Court held that state law usury claims against a national bank were completely preempted by Sections 85 and 86 of the NBA. Section 85 of the NBA limits the amount of interest that a national bank may charge, and section 86 provides the exclusive remedy for violations of that part. Accordingly, a state law usury complaint against a national bank "arises under" federal law and is removable.

12. The term "interest" under the NBA is defined broadly. The Supreme Court in Smiley v. Citibank (S.D.), N.A., 517 U.S. 735 (1996), held that for purposes of section 85 of the NBA, the term "interest" included not only traditional interest, but also "late fees, not sufficient funds [] fees, overlimit fees, annual fees, cash advance fees, and membership fees." See also 12 C.F.R. § 7.4001(a) (defining "interest" for section 85 as including numerical periodic rates, late fees, not sufficient funds fees, overlimit fees, annual fees, cash advance fees, and membership fees).

13. Therefore, this Court has federal question jurisdiction over Count V, which challenges the Defendants' imposition of interest charges and late fees. (Compl. ¶ 39.)

---

[1] BOA requests that this court take judicial notice of its status as a national banking association.

14. A second exception to the well-pleaded complaint rule arises where a state cause of action turns on a substantial, dispositive issue of federal law. Franchise Tax Bd. v. Constr. Laborers Vacation Trust Co., 463 U.S. 1, 9 (1983); Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 201-02 (1921). In Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308 (2005), the Supreme Court held that a state-law claim gives rise to federal-question jurisdiction if the claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id. at 314.

15. The claims in the Complaint turn on a substantial and dispositive issue of federal law because they challenge the legality of the interest and other fees charged by the Defendants. The Plaintiffs' right to relief under these claims would necessarily turn on the NBA and a national bank's ability to charge interest.

16. Accordingly, removal of this matter is proper pursuant to 28 U.S.C. §§ 1331 and 1441.

**B.  Federal Diversity Jurisdiction**

17. This Court has original jurisdiction over the Civil Action pursuant to 28 U.S.C. § 1332 and the Civil Action may be removed to this Court pursuant to 28 U.S.C. § 1441. This Court has original jurisdiction under 28 U.S.C. § 1332(a), diversity of citizenship, in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states.

18. Defendant BOA is a national bank association organized and existing under the laws of the United States with its principle place of business in North Carolina.

19. For the purposes of diversity jurisdiction, a national bank is considered to be a citizen of the state where its principle place of business is located. Firstar Bank, N.A. v. Faul, 253 F.3d 982 (7th Cir. 2001); Bank of Am., N.A. v. Johnson, 186 F. Supp. 2d 1182 (W.D. Okla. 2001).

20. Defendant CitiMortgage is incorporated under the laws of the State of New York and has its principle place of business in the State of Missouri.

21. Plaintiffs allege that they reside in the State of West Virginia. (Compl. ¶ 1.)

22. Plaintiffs are citizens of the State of West Virginia. BOA has its principle place of business in North Carolina. CitiMortgage is a New York corporation with its principle place of business in Missouri. Therefore, there is diversity of citizenship.

23. Title 28 U.S.C. § 1332(a) requires that the amount in controversy in diversity actions exceed $75,000, exclusive of interests and costs. To demonstrate that the jurisdictional amount has been met, a removing party must establish only that it is more likely than not that the amount in controversy exceeds $75,000. See McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481, 489 (S.D.W. Va. 2001).

24. Plaintiffs' Complaint does not specify the amount of actual damages that Plaintiffs seek. However, BOA does not need to rely on these unspecified actual damages to show that the $75,000 amount in controversy threshold is met.

25. The $75,000 amount in controversy threshold is met in this Civil Action because the statutory penalties requested in the Complaint, combined with the statutorily-allowed attorney's fees, in addition to the declaratory relief sought, any actual damages that Plaintiffs may prove, and any punitive damages that the Court may award, exceed the minimum amount required for removal based on 28 U.S.C. § 1332.

26. Although almost entirely devoid of fact, Plaintiffs' Complaint alleges that the Defendants returned Plaintiffs' mortgage payments, placed Plaintiffs' payments in suspense accounts, forceplaced homeowner's insurance on Plaintiffs' property and forced Plaintiffs to pay for the additional insurance, demanded additional payments not owed, and contacted Plaintiffs after receiving notice that Plaintiffs were represented by counsel. (Compl. ¶¶ 8-20.) Plaintiffs allege that these actions violate the West Virginia Consumer Credit and Protection Act, W. Va. Code §§ 46A-1-101 et seq. ("WVCCPA"), and request a statutory penalty for *each* violation.[2] (Compl. at demand for relief.)

27. The WVCCPA permits recovery of $100 to $1,000 per violation. W. Va. Code § 46A-5-101(4). This amount may be increased to account for inflation "in an amount equal to the Consumer Price Index" based on the time period of September 1, 1974, and "the last consumer price index for all consumers published by the United States Department of Labor." W. Va. Code § 46A-5-106.

28. The CPI for September 1974 was 50.6 and the CPI for June 2011, the last month published, was 225.722. (U.S. Dept. of Labor Consumer Price Index, ftp://ftp.bls.gov/pub/special.requests/cpi/cpiai.txt, last visited Aug. 17, 2011.) Adjusting the maximum violation of $1,000, which Plaintiffs have requested per violation, for inflation based on the Department of Labor's Consumer Price Index, the current maximum penalty for a violation is $5,053.79 ((255.722/50.6)*1000)).

29. Accordingly, the number of alleged violations needed to exceed the $75,000 amount in controversy requirement is fifteen ($5,053.79*15 = $75,806.85).

---

[2] BOA disagrees that Plaintiffs are entitled to a penalty for each violation. BOA will brief the issue when it is ripe.

30. Although Plaintiffs have not alleged a specific number of violations, a review of the relevant portions of Plaintiffs' Complaint compels a conclusion that Plaintiffs have alleged, at a minimum, at least eighteen violations of the WVCCPA.

31. In Count II of the Complaint, Plaintiff alleges that the Defendants "failed to credit *payments* against amount due, in violation of W. Va. Code § 46A-2-115" and that they "improperly placed *payments* into a suspense account instead of applying payments to Plaintiffs' account without reasonable justification and in violation of W. Va. Code § 46A-2-115. The plural for each of these indicates that Plaintiff is asserting more than one violation for each act alleged to violate the WVCCPA. Thus Count II asserts at least four violations.

32. In Counts III and IV of the Complaint, Plaintiffs assert that Defendants' acts of attempting to collect an alleged debt and attempting to collect debts from Plaintiffs that Plaintiffs do not owe "constitute fraudulent, deceptive, or misleading *representations* under the provisions of W. Va. Code § 46A-2-127, unfair or unconscionable *means* under the provisions of W. Va. Code § 46A-2-128, oppression and abuse under the provision of W. Va. Code § 46A-2-125, illegal *threats* or coercion under the provisions of W. Va. Code § 46A-2-124, and willful violations of said provisions under W. Va. Code § 46A-5-105." (Compl. ¶¶ 32, 35.) Thus, Counts III and IV appear to assert seven violations each.

33. Plaintiffs have alleged more than 15 violations and, thus, the number of violations necessary to exceed the $75,000 amount in controversy threshold requirement is met.

34. In addition to the statutory penalties above, Plaintiffs have requested equitable relief in the form of a declaratory judgment, actual damages, punitive damages, attorney's fees, and costs. Although the amount of these damages are currently unknown, any amount of additional damages that Plaintiffs potentially can recover would be added to the statutory

penalties and would cause the amount in controversy in this Civil Action to further exceed the statutory minimum required for removal.

35. Plaintiffs have attached stipulations to their Complaint to defeat diversity jurisdiction. However, Plaintiffs' stipulations are improper. For a stipulation to be truly binding, this Court has set forth precise and exacting rules that must be complied with.

> The better rule requires a *formal*, truly binding, pre-removal stipulation signed by counsel and his client explicitly limiting recovery. The stipulation should be filed contemporaneously with the *complaint, which also should contain the sum-certain prayer for relief.*

McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481, 485-86 (S.D. W. Va, 2001) (emphasis added) (citations omitted). "Formal" means signed and notarized, according to Taylor v. Capital One Bank (USA), N.A., No. 5:09-cv-00576, 2010 WL 424654 (S.D.W.Va.) and Hatcher v. Vanderbilt Mortgage and Finance, Inc., No. 2:10-cv-00677, 2010 WL 2330392 (S.D.W.Va.).

36. In this case, Plaintiffs' stipulations fail to prevent removal for two reasons. First, neither of the stipulations is notarized. Second, the complaint does not contain a sum-certain prayer for relief. Thus, the requirements of McCoy are not met and BOA may remove the case.

37. In sum, the total jurisdictional amount in controversy is met by this case. The statutory penalties alone are, more likely than not, enough to satisfy the $75,000 threshold for removal. In addition to these penalties, the statutorily allowed attorney's fees, actual and punitive damages, and costs of the equitable relief sought by Plaintiffs further ensure that the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(a) has been satisfied.

38. Accordingly, this Court has diversity jurisdiction over this Civil Action because the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

39. This Court is the District Court embracing Kanawha County, where the Civil Action is currently pending. L.R. Civ. P. 77.02.

40. A certified copy of the docket sheet and copies of the Complaint and Summonses are attached, as Exhibit B, and constitute the only process, pleadings, or orders that have been filed in this action.

41. True and correct copies of this Notice of Removal with accompanying exhibits and a Notice of Removal of this Civil Action to Federal Court directed to the Circuit Court of Kanawha County, West Virginia, are being served upon Plaintiff's counsel and filed with the Clerk of that court, in accordance with the provisions of 28 U.S.C. § 1446(d).

**WHEREFORE**, defendant Bank of America, N.A., as successor in interest to LaSalle Bank, N.A., files this Notice of Removal so that the entire state-court action under Civil Action No. 11-C-1101 now pending in the Circuit Court of Kanawha County, West Virginia, shall be removed to this Court for all further proceedings.

**BANK OF AMERICA, N.A. as successor in interest to LASALLE BANK, N.A**

**By Spilman Thomas & Battle, PLLC**

/s/ Don C.A. Parker
Don C.A. Parker (WV Bar No. 7766)
Angela L. Beblo (WV Bar No. 10345)
PO Box 273
Charleston, WV 25321-0273
304.340.3800
304.340.3801 (*facsimile*)
dparker@spilmanlaw.com
abeblo@spilmanlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

WILLIAM R. YOUNG and
ROSE YOUNG, husband and wife,

    Plaintiffs,

v.                              CIVIL ACTION NO. 2:11-cv-0568

BANK OF AMERICA, N.A., as successor-in-interest
to LASALLE BANK, N.A., and
CITIMORTGAGE, INC., a foreign corporation
as successor-in-interest to ABN AMRO
MORTGAGE GROUP, INC.,

    Defendants.

## CERTIFICATE OF SERVICE

    I, Don C.A. Parker, hereby certify that on August 19, 2011, I electronically filed the foregoing **Notice of Removal** with the Clerk of the Court using the CM/ECF system, which will send notification of such filling to the following:

Anthony J. Majestro
Powell & Majestro, PLLC
405 Capitol Street, Suite P-1200
Charleston, WV 25301
amajestro@powellmajestro.com
*Counsel for Plaintiff*

Bryan N. Price
Flaherty Sensabaugh Bonasso, PLLC
P.O. Box 3843
Charleston, WV 25338
bprice@fsblaw.com
*Counsel for Defendant CitiMortgage, Inc.*

/s/ Don C.A. Parker
Don C.A. Parker (WV Bar No. 7766)