IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WILLIAM B. YOUNG, et al.,

          Plaintiffs,

v.                                   CIVIL ACTION NO. 2:11-cv-00568

BANK OF AMERICA, N.A., et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the Plaintiffs' Motion to Remand Case to Circuit Court of Kanawha County [Docket 13]. Also before the court is the parties' Joint Motion to Remand by Stipulation [Docket 18].

This action was originally filed on or about June 30, 2011, in the Circuit Court of Kanawha County, West Virginia. (Notice of Removal, at ¶ 1 [Docket 1]). The plaintiffs, William R. Young and Rose Young, allege that the defendants "wrongfully misapplied, failed to apply, and refused to accept payments from Plaintiffs and credit payments made by the Plaintiffs while Plaintiffs attempted to resolve a dispute over their loan," committing loan servicer abuse and violations of the West Virginia Consumer Credit and Protection Act (WVCCPA). (Compl., at 1 [Docket 1-2]). Both plaintiffs are citizens of West Virginia. Defendant Bank of America, the current servicer of the loan at issue, is a national bank organized under the laws of the United States with its principal place of business in North Carolina. Defendant CitiMortgage, Inc., is a

New York corporation with its principal place of business in Missouri and a former servicer of the plaintiffs' loan.

The defendants have argued that there is diversity jurisdiction over this case under 28 U.S.C. § 1332(a). The plaintiffs argue that this court lacks diversity jurisdiction because the amount in controversy requirement is not satisfied. The Complaint states that "both Plaintiffs have stipulated that neither is seeking or will accept any recovery in excess of the sum of $74,000, exclusive of interest and costs." (Compl. at ¶ 4 [Docket 1–2]). Further, the plaintiffs each filed a signed stipulation limiting the amount of recovery to $74,000, including attorney's fees. (Stipulation Attach. to Compl. [Docket 1–2]).

Having reviewed the Notice of Removal and Motion to Remand, the court **FINDS** that the stipulations filed contemporaneously with the complaint meet the requirements of *McCoy v. Erie Insurance Co.*, 147 F. Supp. 2d 481 (S.D. W. Va. 2001). For this reason, the court **FINDS** that it lacks subject matter jurisdiction under 28 U.S.C. § 1332(a) and **REMANDS** the case to the Circuit Court of Kanawha County, West Virginia. The court makes this determination without relying on the Joint Motion to Remand by Stipulation [Docket 18].

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 4, 2011

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE